**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 10 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| MERSELIA RAMIREZ-GREGORIO; BRYLI LUCAS-RAMIREZ, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-567 <br><br> Agency Nos. <br> A220-456-811 <br> A220-456-842 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 5, 2025[**]
Pasadena, California

Before: MURGUIA, Chief Judge, and SANCHEZ and H.A. THOMAS, Circuit
Judges.

Merselia Ramirez-Gregorio ("Petitioner") and her minor daughter, citizens

of Guatemala, petition for review of a Board of Immigration Appeals ("BIA")

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

decision dismissing her appeal of an order from an Immigration Judge ("IJ") (collectively, the "agency"). The IJ denied Petitioner's applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

"Where, as here, the [BIA] incorporates the IJ's decision into its own without citing *Matter of Burbano*, 20 I. & N. Dec. 872 (B.I.A. 1994), this court will review the IJ's decision to the extent incorporated." *Medina-Lara v. Holder*, 771 F.3d 1106, 1111 (9th Cir. 2014). We review factual findings, including whether an applicant was persecuted on account of a protected ground, for substantial evidence. *See Rodriguez Tornes v. Garland*, 993 F.3d 743, 750 (9th Cir. 2021). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

1. **Nexus Determination.** Petitioner asserts that the BIA erred in dismissing her appeal as to her asylum and withholding of removal claims because she adequately showed that her persecution was on account of a protected ground. Both asylum and withholding of removal require that a petitioner prove a causal nexus between a statutorily protected characteristic and either past harm or an

---

[1] Petitioner does not challenge the BIA's determination that she waived her claim under CAT. As such, we only address the BIA's holding as to Petitioner's asylum and withholding of removal claims.

objectively reasonable fear of future harm. *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023). The statutorily-protected grounds include "race, religion, nationality, membership in a particular social group, [and] political opinion." *Id.* (alteration in original) (quoting 8 U.S.C. §§ 1158(b)(1)(B)(i) (asylum); 1231(b)(3)(A) (withholding)). Petitioner asserts that she was persecuted in Guatemala when she was raped at the age of seven, received threatening phone calls from an unknown man, and was subject to verbal and physical abuse from her parents and her boyfriend's parents. She asserts that her persecution was on account of her indigenous Mam ethnicity and membership in a particular social group ("PSG") consisting of poor indigenous Mayan Mam women living in a poor, predominantly indigenous area.[2] We recognize Petitioner's tragic past and agree with the IJ that "rape is past persecution." However, we also agree that Petitioner failed to satisfy her burden of demonstrating a nexus between her persecution and her Mam ethnicity. Without a nexus to a protected ground, Petitioner cannot establish her eligibility for asylum or withholding of removal. *Rodriguez-Zuniga*, 69 F.4th at 1018 ("[W]here, as here, the agency concludes that the petitioner has

---

[2] We decline to address Petitioner's argument that the BIA incorrectly concluded that she tried to redefine her PSG. The agency's denial of relief was based on Petitioner's lack of nexus to a protected ground, not whether her PSG was cognizable, therefore this argument does not affect the conclusions reached by the agency or this court.

not shown *any* nexus whatsoever, then the petitioner fails to establish past persecution for both asylum and withholding.").

2. **Asylum Standard of Review.** We review de novo whether the IJ applied the wrong legal standard to Petitioner's asylum claim. *Soto-Soto v. Garland*, 1 F.4th 655, 659 (9th Cir. 2021). The IJ applied the correct standard to Petitioner's asylum claim: whether Petitioner can "demonstrate that [s]he has suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Duran-Rodriguez*, 918 F.3d at 1028. Therefore, the BIA was correct in finding no error.

3. **Unexhausted Arguments.** Petitioner failed to exhaust her remaining arguments. Pursuant to the relevant claim-processing rule, we exercise our jurisdiction over a final order of removal only if petitioner "has exhausted all administrative remedies available" to her as of right. 8 U.S.C. § 1252(d)(1). "Exhaustion requires a non-constitutional legal claim to the court on appeal to have first been raised in the administrative proceedings below, and to have been sufficient to put the BIA on notice of what was being challenged." *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020) (internal citations omitted). Because Petitioner did not raise a pattern and practice claim before the IJ, the BIA properly declined to consider her pattern or practice claim. *Matter of J-Y-C-*, 24 I. & N. Dec. 260,

261 n.1 (B.I.A. 2007). While Petitioner asserted political opinion as a protected ground before the IJ, she abandoned this claim before the BIA. Therefore, the BIA properly declined to consider these arguments. *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

The temporary stay of removal shall remain in place until the mandate issues.

**PETITION DENIED.**